CENTRAL BRASS MFG. CO. v. STERLING BRASS CO.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1922.)

No. 3702.

1. Patents ⬅328—944,457, for water faucet, held invalid for want of invention.

The Mortimer and Strauss patent, No. 944,457, for a compression bib water faucet, with a quick throw thread, and a plate or member stopping further rotation of the stem when the valve is fully open, *held* invalid for want of invention, in view of the prior art.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Patents ⬅26(1)—No invention in thickening washer or substituting or adding plate to check opening of faucet.**

Where a patent for a compression bib water faucet, consisting of the combination of a quick throw thread with a plate or member stopping further rotation of the stem when the valve is fully open, involves no new or novel combination of old elements, and when the elements occupy the same relative position and function in exactly the same manner as in the prior art, there is no invention in thickening a metal washer of the prior art, or substituting therefor, or adding thereto, a plate or member to check the rotation of the stem.

**3. Patents ⬅19—No invention in thickening washer to prevent bending or dishing.**

There was no invention in increasing the thickness of a washer in a compression bib water faucet, to prevent bending or dishing upward when the upper face of the enlarged threaded portion of the stem came in contact with the washer.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by the Central Brass Manufacturing Company against the Sterling Brass Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Charles E. Brock, of Cleveland, Ohio (Hull, Brock & West, of Cleveland, Ohio, on the brief), for appellant.

John F. Oberlin, of Cleveland, Ohio (Fay, Oberlin & Fay, Mooney, Hahn, Loeser & Keough, and John F. Oberlin, all of Cleveland, Ohio, on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. [1] This appeal involves the validity of letters patent No. 944,457 (1909), issued to the Central Brass Manufacturing Company of Cleveland, Ohio, as assignee of the inventors, John N. Mortimer and Emile L. Strauss. This patent relates specifically to a compression bib type of water faucets; the object being to provide a bib or like device wherein the valve will be thrown full open or full shut with approximately a quarter turn such as is required to operate a Fuller cock. There are but two claims in the patent, the first one reading as follows:

"In a device of the character described, the combination of a casing provided with a valve seat, a valve stem, said valve stem having an intermediate enlarged portion threaded in said casing and bearing a valve fitted to such seat, the pitch of the thread on said stem being such as to throw said valve full open, or full shut, upon approximately a quarter turn thereof and a member disposed to engage the upper face of such enlarged portion, said member being of a thickness to stop further rotation of said stem when the valve is in its full open position."

The second claim reads substantially the same, except in the second claim the word "plate" is substituted for the word "member" in the first claim. The District Court found the letters patent in suit invalid as to each of the claims thereof for lack of invention and anticipation by the prior art, and dismissed the bill of complaint with costs.

It is admitted on the part of the appellant that this claimed invention is in a crowded art, but it is contended that, however slight the advance may be, it is nevertheless a substantial one and involves invention. Evidence was introduced tending to prove that in the early prior art the enlarged portion of the stem of the bib was equipped with what is called a "slow thread," and for that reason required one or more turns of the stem to open and close the valve; that the fuller bib, referred to in the patent in suit, operates upon a different principle than the compression bib; that its valve can be opened and closed by approximately a quarter turn of the stem; that for this reason the Fuller type became very popular, although it did not have the wearing qualities of the compression bib, involved a number of additional elements, and caused, or at least permitted, a pounding or hammering commonly known as a "water hammer."

The bib or faucet of the patent in suit is of the old compression type, the enlarged inclosed portion of the stem being equipped with a "quick throw" thread, instead of the slow thread of the earlier patent art. This high pitch or quick throw thread requires but one quarter turn of the stem to open or close the valve, thereby affording in a compression bib all the advantages of a Fuller bib without its complex and objectionable features.

No claim is made by appellant to the broad idea of a high pitch or quick throw thread; that is old in the patent art. Spear, No. 119,058; Rowell, No. 482,017; Mueller & Schuermann, No. 879,400. Nor is any claim made to the broad idea of checking the rotation of the stem when the valve is fully open. That is also old in the art, and shown in the two patents last above cited. It further appears from the evidence that any type of compression bib, regardless of whether it be equipped with the slow thread or a quick throw thread, will prevent the objectionable "water hammer" in the Fuller type. However that may be, Rowell in his application for patent No. 842,017 (1907) states that his invention will prevent this "hammering." But claim is made for the specific means or combination of elements whereby the coarseness of the thread coupled with the gauged plate or member which contacts with the enlarged portion of the stem are utilized for providing a simple and efficient form of compression bib which can be quickly opened and closed and in which the opening movement will be checked after a limited fractional turn of the handle.

[2, 3] There is, however, no new or novel combination of old elements in the patent in suit. They occupy the same relative position in the completed bib and function in exactly the same manner as in the prior art, so there remains for consideration the sole question whether or not the thickening of the metal washer of the prior art, or the substitution therefor or the addition thereto of a plate or member to check the rotation of the stem when the valve is fully open, either in and of itself or in combination of these old elements, is invention.

By reason of the slow thread used in the earlier prior art, one or more turns of the stem would be required to bring the upper face of the enlarged portion of the stem in contact with the washer that holds the packing in place; nevertheless it is inevitable that if these faucets, such

as shown in Scrannage and Bate, 110,292, and Mayor, 129,485, are made in proper proportions, these two parts would come in contact with each other and prevent further rotation of the stem substantially at the time the valve would be in its full open position. These bibs were evidently so constructed, for it would be useless to have a longer stem or more' screws thereon than necessary to open the valve.

It is insisted, however, that this washer of the prior art was not of sufficient thickness and strength to withstand contact with the enlarged portion of the stem without bending or dishing upward. That would hardly seem possible, as the entire upper surface of the enlarged threaded portion of the stem would contact at the same time with all exposed portions of the washer. But, even if this contention were conceded, it would not involve invention to increase the thickness of this washer so as to prevent this bending or dishing upward. If, therefore, the quick throw thread of Spear, Rowell, and Mueller & Schuermann were substituted for the slow thread of the earlier patent art, and it were found desirable to check the rotation of the stem at one-fourth or one-half turn by contact with these two parts, it would be obvious to any person of ordinary intelligence, though not a mechanic, that this could be accomplished, either by extending the enlarged portion of the stem upward or increasing the thickness of the washer or by shortening the body space between the washer and the upper surface of the enlarged portion of the stem, or by shoulders on the plug, as in Rowell, or by extending a lug downward from the washer in a position to contact, in a quarter turn with a lug extending upward from the enlarged threaded part of the stem, as in Mueller & Schuermann.

It is equally obvious that the same result can be obtained by supplying an additional washer or plate of the necessary thickness, and this is what Mortimer and Strauss have done. If it were conceded that means to check the further rotation of the stem at the quarter turn involved invention, then such means, in addition to idea of opening and closing the valve at the quarter turn, are found in Rowell and in Mueller & Schuermann. At most the plate of Mortimer and Strauss is but the clear equivalent, functioning in the same way and producing like result as the means of the prior patent art above cited.

For the reasons stated the judgment of the District Court is affirmed.