### JEAVONS v. RELIABLE SPRING OILER CO.

(Circuit Court of Appeals. Sixth Circuit. October 16, 1925.)

No. 4198.

Patents ⚙︎328 — 990,210 and 1,135,186, for casings or coverings relating to lubrication of vehicle springs, held not infringed.

The Myers patent, No. 990,210, and the Jeavons patent, No. 1,135,186, claim 2, for casings or coverings relating to lubrication of vehicle springs, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Southern District of Ohio; John E. Sater, Judge.

Patent infringement suit by Albert N. Jeavons against the Reliable Spring Oiler Company. Decree for defendant, and plaintiff appeals. Affirmed.

Wallace R. Lane, of Chicago, Ill., and Charles E. Brock, of Cleveland, Ohio (Hull, Brock & West, of Cleveland, Ohio, on the brief), for appellant.

Border Bowman, of Columbus, Ohio, for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This is a suit for infringement of United States patent to Myers (April 18, 1911, No. 990,210), and United States patent to Jeavons (April 13, 1915, No. 1,135,186), for casings or coverings relating to lubrication of vehicle springs. The devices are especially adapted to automobile springs.

The single claim of the Myers patent reads:

"A casing for vehicle springs comprising a flexible leather member conforming in configuration with the spring and removably fitted thereto, a lubricant container of absorbent material located within the casing and bearing directly against the spring, and fastening devices removably securing the absorbent material to the casing."

Claim 2 of the Jeavons patent, which alone is in issue, reads:

"The combination, with a casing for vehicle springs comprising a flexible member conforming in configuration with the spring and adapted to be fitted thereto, of a pad of absorbent material within said casing which is arranged to rest upon the upper surface of the spring and having extensions which contact with the sides of the spring."

The District Court held that neither patent was infringed. We agree with this conclusion. Long before Myers, it was old to distribute oil to the bearings or rubbing surfaces of machines by sponges (absorbent material), saturated in oil and fastened in boxes or caps, in position where they readily contacted with the parts to be lubricated. Century Dictionary, tit. "Oilers," p. 4097.

In 1909, Brown, by United States patent No. 920,910 (which was prior to both Myers and Jeavons), disclosed a lubricating device for lubricating vehicle springs, with special application to automobile bodies—the lubricant being contained in channel-connecting pockets in additional leaves placed between the usual spring leaves. In 1913 (prior to Jeavons), Peters, by United States patent No. 1,080,652, showed a spring covering made of flexible material, such as leather or duck, and adapted to closely inclose the end portions of a leaf spring of any form—adapted to vehicles such as automobiles—and adapted to retain lubricating material within and between the portions of the spring which move on each other, and to form a tight and complete casing.

Defendant's alleged infringing structure is made under the Williamson patent (August 14, 1923, No. 1,464,688), upon a lubricating attachment whose flexible covering incloses a pad of absorbent material positioned between the spring leaves and the flexible covering—the pad extending not only lengthwise of the top of the spring, but on the sides thereof, oil being introduced from without as needed through a cap communicating with a channel or groove on the upper side of the spring formed by the separated edges of the two longitudinal and parallel strips of absorbent material.

Defendant's structure clearly does not infringe Myers, whose patent history limits his claim to a structure whose fastening devices removably secure the absorbent materials to the casing. D'Arcy v. Marshall Co. (C. C. A. 6) 259 F. 236, 170 C. C. A. 304; Garland v. Quinn (C. C. A. 6) 242 F. 267, 155 C. C. A. 107. Defendant's absorbent material is not so secured, nor would it naturally be secured otherwise than permanently, as its oil cap and channel provide for resaturation of the absorbent material without disturbing either casing or absorbent material, while both Myers and Jeavons (although the latter's claim is not limited to a removable fastening of the absorbent material to the casing) are without provision for resaturating the pad, except by removing the casing from the spring.

It seems equally clear that defendant does not infringe Jeavons, whose only advance

over Myers (whose patent he bought shortly before applying for his own patent) consisted in the so-called "extensions" shown in the form of triangularly shaped tabs depending from the edge of the pad, and which contact with the sides of the spring.

In view of the prior art, we think the carrying of the absorbent material down the sides of the spring (a mere matter of degree) involved merely mechanical skill (Central Brass Co. v. Sterling Brass Co. [C. C. A. 6] 285 F. 135), unless, perhaps, in the specific form of the extensions or tabs shown, which defendant does not use, as appears from the description of its device already given herein.

These conclusions are not overcome by the evidence of commercial success of plaintiff's device.

The judgment of the District Court is affirmed.